# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH LEON, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY; and DOES 1 through 50, inclusive,<br><br>                              Defendants. | Case No.:  3:25-cv-00719-RBM-VET<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO SAN DIEGO SUPERIOR COURT–NORTH COUNTY**<br><br>**[Doc. 7]** |

Pending before the Court is Plaintiff Judith Leon's ("Plaintiff") Motion to Remand to San Diego Superior Court–North County ("Motion").  (Doc. 7.)  In the Motion, Plaintiff seeks to remand this action to the Superior Court of California, County of San Diego ("San Diego Superior Court") on the ground that removal was untimely and procedurally defective.  (*See* Doc. 6-1.)  Defendant Ford Motor Company ("Defendant") filed an Opposition on May 5, 2025 ("Opposition").  (Doc. 8.)  On May 12, 2025, Plaintiff filed a Reply ("Reply").  (Doc. 9.)

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons discussed below, Plaintiff's Motion to Remand is **<u>DENIED</u>**.

# I.   **BACKGROUND**[1]

On or about July 3, 2022, Plaintiff purchased a 2022 Ford F-150 (the "Subject Vehicle") manufactured by Defendant.  (Doc. 1-2 ¶ 6.)  At the time of Plaintiff's purchase, Plaintiff and Defendant's dealership executed a Retail Installment Sales Contract for the Subject Vehicle ("RISC").  (Doc. 9 at 4.)  In connection with the purchase, Plaintiff also received certain express warranties.  (Doc. 1-2 ¶ 10.)

After the purchase, Plaintiff alleges the Subject Vehicle contained or developed various defects.  (*Id.* ¶ 12.)  Plaintiff presented the Subject Vehicle to Defendant and its representatives in this state "to service or repair" the Subject Vehicle, but Defendant failed to do so within a reasonable number of attempts in conformance with the express warranties provided to Plaintiff.  (*Id.* ¶¶ 14–15.)

Based on these allegations, Plaintiff filed her initial complaint in the San Diego Superior Court on October 25, 2024, asserting five causes of action for violations of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et seq.* (the "Song-Beverly Act") and breaches of warranty ("Complaint").  (Doc. 1-2 ¶¶ 19–42.)  The Song-Beverly Act, also referred to as the "Lemon Law," allows the buyer of a vehicle to recover damages for a defect present in the vehicle which substantially impairs its use, value, or safety.  *Ibrahim v. Ford Motor Co.*, 214 Cal. App. 3d 878, 887 (1989).

Defendant was served with the Complaint on August 25, 2024.  (Doc. 7-1 at 7.)  On March 27, 2025, about seven months later, Defendant removed this action to this Court, asserting diversity jurisdiction ("Notice of Removal").  (Doc. 1.)

# II.   **LEGAL STANDARD**

A defendant may remove a civil action to federal court when the action presents a federal question or is between citizens of different states.  28 U.S.C. § 1441(a).  Failure to timely file a notice of removal is a procedural defect mandating remand to state court if a

---

[1] The Court's summary of Plaintiff's Complaint reflects Plaintiff's factual and legal allegations, not conclusions of fact or law by this Court.

2

motion to remand is brought within 30 days of the notice of removal. *See* 28 U.S.C. § 1447(c); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) ("[T]he time limit is mandatory and a timely objection to a late petition will defeat removal.").

Generally, the timeliness of removal is determined by three removal periods. Under 28 U.S.C. § 1446(b), a defendant *must* remove a case to federal court within thirty days of receiving: (1) the initial pleading that sets forth a basis for removal; or (2) "a copy of an amended pleading, motion, order or other paper" from which removability "may be first ascertained." 28 U.S.C. §§ 1446(b)(1), (b)(3). If no pleading or other paper triggers a thirty-day deadline for removal, a defendant is permitted to remove outside the thirty-day removal period no more than one year from "the commencement of the action," § 1446(c)(1), "when it discovers, based on its own investigation, that a case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123, 1125 (9th Cir. 2013).

The removing party "has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). There is a strong presumption against removal jurisdiction. *Id.* at 566. "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

### III. DISCUSSION

Plaintiff argues Defendant's removal was untimely because removability was ascertainable from the face of the Complaint and documents in Defendant's possession. (Doc. 7-1 at 7–11). Defendant disputes that the Complaint provided sufficient information to trigger the removal deadline. (Doc. 8 at 13–18). Instead, Defendant contends removal was timely after its own investigation revealed a non-speculative basis for seeking removal. (*Id.* at 8; *see* Doc. 1 at 2).

To determine notice of removability, the Ninth Circuit applies a "bright-line approach" where the thirty-day removal period is triggered "only if removability is ascertainable from examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Carvalho v. Equifax Info. Servs.,*

3

*LLC*, 629 F.3d 876, 886 (9th Cir. 2010) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (cleaned up)).  This approach was adopted "to avoid . . . inevitable collateral litigation over whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." *Id.* (cleaned up).  The "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).  "[D]efendants need not make extrapolations or engage in guesswork; yet the statute requires a defendant to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (cleaned up).

Here, the Court finds the amount in controversy was not ascertainable from the face of the Complaint.  The Complaint does not contain a boilerplate statement that Plaintiff is entitled to more than $75,000, let alone specific figures providing "unequivocally clear and certain" notice that the amount in controversy exceeds $75,000.  *See Lopez v. General Motors, LLC*, Case No. CV 25-06549-MWF(MAAx), 2025 WL 2629545, at *2 (C.D. Cal. Sept. 11, 2025) (denying remand on timeliness grounds where complaint failed to include purchase price or other data).  Plaintiff simply pleads "the total amount paid and payable, incidental and consequence damages and civil penalties exceeds $35,000" but does not specify any dollar amounts for each category, estimated or otherwise.  (Doc. 1-2 ¶ 7.)

Plaintiff argues the "Complaint included the year, make, model, and purchase date of the vehicle, information from which Defendant could easily infer that the amount in controversy exceeded $75,000.001." (Doc. 7-1 at 10.)  However, Plaintiff's inclusion of such information "in the [C]omplaint doesn't change this calculus." *Iniquez v. Ford Motor Co.*, Case No. 2:25-CV-00055-SK, 2025 WL 1042712, at *3 (C.D. Cal. Mar. 21, 2025).  While it is true that Defendant must "apply a reasonable amount of intelligence in ascertaining removability," the Ninth Circuit has determined this typically applies where a complaint clearly states specific figures that allow defendants to calculate the amount in controversy. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).  The

4

Complaint does not provide any figures regarding the relief requested, the state of the Subject Vehicle when purchased, the Subject Vehicle's mileage, or any information from which actual damages under the Song-Beverly Act can be determined. *See* Cal. Civ. Code §§ 1793.2(d)(1), (2) (asserting that actual damages under the Song-Beverly Act are measured by the "amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity."). In the absence of such figures, Defendant would need to improperly rely on its subjective knowledge and engage in guesswork. *See Iniquez*, 2025 WL 2057501, at *3.

Plaintiff further argues Defendant "could have easily inferred that, apart from the value of the Subject Vehicle, the civil penalties (which amount to two times of the Subject Vehicle's value) along with attorney fees would push the amount in controversy over $75,000.00." (Doc. 7-1 at 10.) But Defendant could not have calculated civil penalties until the actual damages were certain. *See Covarrubias v. Ford Motor Co.*, Case No. 2:25-cv-00328-JLS-MAA, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025) ("Because any estimate of actual damages is uncertain from the face of Plaintiff's Complaint, any estimate of civil penalties is equally uncertain."). Nor did Plaintiff provide a basis from which Defendant could estimate that any requested attorney's fees satisfied the amount in controversy. As the grounds for removal were not "unequivocally clear and certain" in the Complaint, Defendant had no duty of further inquiry. *Dietrich*, 14 F.4th at 1095; *see Roth*, 720 F.3d at 1125 ("[A] defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability."). Accordingly, the Complaint did not trigger the thirty-day removal period in §§ 1446(b)(1) or (b)(3).

As Defendant filed the Notice of Removal within one-year after the commencement of the action, removal was thus timely under § 1446(c)(1). *See, e.g.*, *Gonzalez v. Nissan N. Am., Inc.*, Case No. 2:24-cv-01301-WLH-MAR, 2024 WL 2782102 (C.D. Cal. May 29, 2024) ("This is simply the kind of case where defendant removed the case based on its knowledge 'beyond the pleadings,' a removal that defendant was not 'obligated' to file

pursuant to one of the two 28 U.S.C. § 1446 deadlines, but a removal that defendant nonetheless 'could' file.") (quoting *Kuxhausen*, 707 F.3d at 1141 n.3)).

**IV.    <u>CONCLUSION</u>**

For these reasons, the Motion to Remand (Doc. 7) is <u>**DENIED**</u>.

**IT IS SO ORDERED**.

DATE:  November 10, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE